IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mark Allen, | ) C/A No. 0:08-1338-SB-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Ms. Gaskins, ECI Nurse; and Corporal Rogers, SCDC Official, | ) |
| Defendants. | ) |

The plaintiff, Mark Allen ("Allen"), a self-represented state prisoner, filed this action apparently pursuant to 42 U.S.C. § 1983. Liberally construed, his Complaint alleges that the defendants violated his civil rights under the Eighth Amendment to the United States Constitution and asserts a state law negligence claim. Allen contends that the defendants were deliberately indifferent to his medical needs by placing another inmate who was infected with scabies in Allen's cell, causing Allen to contract scabies. Allen seeks monetary damages and "for all of the negligen[t] medical staff members here at ECI to be removed by the Federal Government for failing to protect inmates from other sick inmates." (Compl. § V, Docket Entry 1 at 4.)

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (Docket Entry 42.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Allen of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (Docket Entry 43.) Allen filed a response in opposition. (Docket Entry 51.) Having carefully considered the parties' submissions and the record in this case, the court finds that the defendants' motion should be granted.

## DISCUSSION

**A.      Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of

*PJG*

a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Defendant Rogers**

In response to the defendants' motion, Allen concedes that Defendant Rogers should be dismissed from this action, as he merely intended to name Rogers as a witness rather than a defendant. (Docket Entry 51 at 2-3.) Accordingly, the defendants' motion should be granted as to Defendant Rogers.

**C.      Defendant Gaskins**

Defendant Gaskins is also entitled to summary judgment on Allen's claims for several reasons. First, Allen's allegations against her do not state a claim cognizable under 42 U.S.C. § 1983. To state such a claim, a plaintiff must show: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983. Here, Allen asserts that Defendant Gaskins is not employed by the Department of Corrections but rather is a third-party contract health care provider.[1] (Docket Entry 51 at 4.) If such an assertion were true, it would be questionable whether Gaskins acted under color of state law. Cf. West v. Atkins, 487 U.S. 42 (1988) (examining the limited circumstances where a private party's actions may be considered state action). Even assuming she did act under color of state law, however, she would be entitled to Eleventh Amendment immunity for any claims against her in her official capacity and to qualified immunity for any claim against her in her individual capacity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989) (stating that state officials are entitled to sovereign immunity and

---

[1] Allen makes this assertion in response to Gaskins's contention that she is entitled to sovereign immunity.

are not "persons" under § 1983); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (stating that qualified immunity shields governmental officials performing discretionary functions from liability for damages to the extent that their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known).

Allen has failed to allege facts stating a viable claim against Defendant Gaskins. He has made no allegations of any involvement by Gaskins in the decision to place the allegedly infected cellmate in Allen's cell. Further, whether construed as a failure to protect claim or a medical indifference claim, the allegations of Allen's Complaint, taken as true, do not rise to the level of a constitutional violation of the Eighth Amendment.

To establish a claim under the Eighth Amendment, an inmate must establish two requirements: (1) a sufficiently serious deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities," and (2) the prison official had a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To satisfy the second prong, an inmate must show that the prison official's state of mind was "deliberate indifference" to the inmate's health and safety. Id. A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. Id. at 847; see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (stating the standard of deliberate indifference requires actual knowledge and disregard of a substantial risk of serious injury). To be liable under this standard, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Furthermore, not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105. To

establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. See Estelle, 429 U.S. at 106. While the Constitution requires a prison to provide inmates with medical care, it does not demand that a prisoner receive the treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). A prisoner's disagreement as to the type of care he should receive does not state a claim for deliberate indifference. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

As an initial matter, Allen has presented no evidence from which a reasonable jury could find that his infection presented a substantial risk to his health or safety. See Farmer, 511 U.S. at 837 (stating that the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). Scabies is a non-life threatening skin condition caused by "[a] contagious infestation of the skin with the itch mite." Taber's Cyclopedic Medical Dictionary 1945 (20th ed. 2005) (defining "scabies"). Its symptoms are limited to "[a]n itchy rash that worsens at night" and commonly involves multiple members of the same household. Id. Moreover, Gaskins's affidavit shows that when Allen presented to Nurse Gaskins complaining that he itched and had been exposed to scabies, she examined him, found no evidence of symptoms of scabies, but nonetheless prescribed a prophylactic treatment of medication. (Gaskins Aff., Docket Entry 42-3.) Allen has not complained of any itching since that treatment was provided. (Id.) Allen has presented no evidence disputing Gaskins's assertions. Based on this unrefuted evidence, no reasonable jury could find that Gaskins was deliberately indifferent to any serious medical need of Allen. Moreover, even assuming a constitutional violation occurred, because Allen's physical injury was *de minimis*, he cannot recover

damages under 42 U.S.C. § 1983.  See, e.g., Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993) ("In order to withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions.").

As to any state law claim against Gaskins for negligence, to the extent one is alleged it would be barred under state law, as Allen has failed to provide any medical expert testimony showing a lack of due care by Gaskins.  See S.C. Code Ann. § 15-36-100(B) (requiring a plaintiff to file an affidavit of an expert witness with his complaint when asserting a claim of professional negligence against a professional licensed or registered with the State of South Carolina).

Finally, to the extent that Allen seeks to have Defendant Gaskins terminated from her employment, "[f]ederal courts lack the authority to remove or reassign state employees." Maxon v. Johnson, 488 F. Supp. 1030, 1032 n.2 (1980).  Therefore, such relief is not available.

## RECOMMENDATION

For all of the foregoing reasons, the court recommends that the defendants' motion (Docket Entry 42) be granted.

/s/ Paige J. Gossett
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 18, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).